UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| RON BROWN, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>JBS USA FOOD CO., *et al.*,<br><br>                    Defendants. | Case No. 1:22-cv-2946-PAB-STV<br><br>**DEFENDANT HORMEL FOODS CORPORATION'S RULE 12(b)(6) MOTION TO DISMISS THE COMPLAINT** |

As explained in Defendants' Joint Motion to Dismiss, the November 11, 2022 Complaint fails to state a claim because, among other reasons, it is barred by the four-year statute of limitations for Sherman Act claims. Just as with the other Defendants, Plaintiffs' claims against Defendant Hormel Food Corporation ("Hormel Foods" or the "Company") expired in January 2018. And, just as with the other Defendants, Plaintiffs fail to plausibly plead either the "continuing conspiracy" or "fraudulent concealment" exceptions to the statute of limitations.

With respect to Hormel Foods, however, Plaintiffs' pleading falls particularly short, and the Company submits this supplemental motion to set forth independent reasons to dismiss Hormel Foods based upon the statute of limitations. Most notably, Plaintiffs have not plausibly alleged that Hormel Foods participated in a "continuing conspiracy," because the last act that the Company allegedly took in furtherance of the alleged conspiracy occurred in ***2016***—a fatal pleading defect given the November 2022 filing date. Nor does the Complaint allege that Hormel Foods did anything to "fraudulently conceal" the supposed conspiracy. Indeed, Plaintiffs have been on inquiry notice since at least June 2018 when their counsel commenced *In re Pork Antitrust Litigation*, No. 0:18-cv-01776-JRT-JFD (D. Minn.), which challenges the pork

1

industry's use of Agri Stats' benchmarking services. Accordingly, Hormel Foods respectfully requests that the Court dismiss the claims against it as barred by the statute of limitations.

## FACTUAL BACKGROUND

The 133-page Complaint alleges only *six* specific acts by Hormel Foods that purportedly support Plaintiffs' claim that the Company conspired to "fix and depress the compensation paid" to employees at its "red meat processing plants," "beginning in January 2014 and continuing to the present day."[1] (Compl. ¶ 151.)

| Complaint | Specific act alleged | Date(s) alleged |
|---|---|---|
| ¶¶ 36, 177 | Hormel Foods submitted a Red Meat Industry Compensation Survey in "2014, 2015, and 2016." | 2014, 2015, 2016 |
| ¶¶ 36, 230 | Hormel Foods employees attended Red Meat Industry Compensation Meetings in "2014 and 2015." | 2014, 2015 |
| ¶ 270 | On "May 6, 2015," Hormel Foods received an e-mail from an employee of JBS requesting that it participate in an anonymous, informal "supervisor weekend pay" survey, without alleging any response by the Company. | May 6, 2015 |
| ¶ 329(a) | A Hormel Foods "executive" "served" on the Board of the National Pork Producers Council. | No dates alleged |
| ¶ 329(d) | "[I]n 2012," Hormel Foods "executives" attended the American Meat Institute's "Annual Meat Conference." | 2012 |
| ¶¶ 16, 36, 273, 276, 298, 303 | Agri Stats gave a presentation to Hormel Foods on "June 25, 2010," and Hormel Foods "subscribed to" Agri Stats pork-industry reports at some unstated point "during the [nearly decade-long] Class Period." | June 25, 2010; no dates alleged for Agri Stats subscription |

---

[1] Except as reflected in the chart, the only other references to "Hormel" are not tied to any alleged act: "Hormel" appears five times in captions and headings (*see* Compl. caption, i, 12, 26); eighteen times in describing corporate information (*see id.* at 1 n.1, ¶¶ 35, 71-81); twice in a cause of action (*see id.* ¶¶ 401, 402); once in describing a 2014 article by *The Guardian* (*see id.* ¶ 147); once in quoting the Company's website as "offer[ing] competitive benefits" (*see id.* ¶ 373); and once in facially mischaracterizing a January 3, 2020 e-mail from a Hormel Foods employee to WMS *declining to participate* "in the *Poultry* Group" as somehow related to the Red Meat Survey (*see id.* ¶ 263 (emphasis added)).

2

Plaintiffs do not allege that Hormel Foods entered any no-poach agreement. Nor do they allege that the Company engaged in direct communications with other Defendants about wages.

## LEGAL STANDARD

A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558.

Importantly, "a statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016). Courts in this Circuit dismiss complaints filed after the applicable statute of limitations has run. *See, e.g.*, *Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 336-37 (10th Cir. 1994) (affirming dismissal of RICO and fraud claims filed "more than six years after the last event pled" where the applicable statutes of limitations were four years and the plaintiff "failed to allege sufficient facts to support a tolling"); *Midtown Invs., LP v. Auto-Owners Ins. Co.*, No. 20-cv-01594-PAB-STV, 2021 WL 857732, at *5 (D. Col. Mar. 8, 2021) (Brimmer, J.) (dismissing breach-of-contract claim filed twenty-seven days after the two-year limitations period).

## ARGUMENT

### I. THE STATUTE OF LIMITATIONS FOR PLAINTIFFS' CLAIMS AGAINST HORMEL FOODS EXPIRED IN JANUARY 2018

To allege a conspiracy under Section 1 of the Sherman Act, Plaintiffs must plausibly allege that Hormel Foods entered into an "agreement . . . designed unreasonably to restrain

3

trade" within the four-year statute of limitations. *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1174 (10th Cir. 2019). It is "particularly important" that Plaintiffs "distinguish[]" their conspiracy allegations against Hormel Foods from their "collective allegations" against Defendants generally. *Bristow Endeavor Healthcare, LLC v. Blue Cross & Blue Shield Ass'n*, 691 F. Appx. 515, 519 (10th Cir. 2017). This is because "at the heart of an antitrust conspiracy is an agreement and a conscious decision by *each* defendant to join it." *In re Cal. Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1047 (N.D. Cal. 2021) (emphasis added). Plaintiffs allege that Hormel Foods engaged in six specific acts in furtherance of the purported conspiracy—the most recent being completion of a Red Meat Industry Compensation Survey in 2016. (*See supra* at 2; Compl. ¶ 36.)

Because Plaintiffs concede that Defendants' "conspiracy" first injured them in "January 2014," (*see, e.g.*, Compl. ¶¶ 6, 21, 151), the statute of limitations to sue Hormel Foods for its role in the alleged conspiracy expired in January 2018. *See* 15 U.S.C. § 15(b); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971); *accord Sierra Club*, 816 F.3d at 673 ("A claim accrues when the plaintiff has a complete and present cause of action."). Plaintiffs did not sue Hormel Foods, however, until November 11, 2022—nearly five years after the statute of limitations expired.

**II.   NO EXCEPTION TO THE STATUTE OF LIMITATIONS CAN SAVE PLAINTIFFS' CLAIMS AGAINST HORMEL FOODS**

Because the Complaint was filed late, "the burden falls on [Plaintiffs] to identify a theory that allows them to overcome the statute of limitations and thereby render their claims timely." *Herrera v. City of Espanola*, 32 F.4th 980, 992 (10th Cir. 2022). Plaintiffs identify two theories in an attempt to excuse their tardiness: (A) continuing conspiracy, and (B) fraudulent

concealment. (*See* Compl. ¶¶ 364-85.) Neither exception to the statute of limitations, however, can save Plaintiffs' claims against Hormel Foods.

### A.  *The Continuing-Conspiracy Exception Cannot Save Plaintiffs' Claims*

To restart the statute of limitations with the "continuing conspiracy" exception, Plaintiffs must allege "an overt act" by Hormel Foods that (1) is "a new and independent act that is not merely a reaffirmation of a previous act," and (2) "inflict[s] new and accumulating injury on the plaintiff." *See Kaw Valley Elec. Co-op. Inc. v. Kan. Elec. Power Co-op, Inc*., 872 F.2d 931, 933 (10th Cir. 1989) (quoting *Pace Indus., Inc. v. Three Phx. Co.*, 813 F.2d 234, 238 (9th Cir. 1987)). The last specific act that Plaintiffs allege **Hormel Foods** took in furtherance of the purported conspiracy occurred in ***2016***—more than four years before they filed their Complaint*.* (Compl. ¶ 36.) Thus, as to Hormel Foods, there is no continuing act alleged that could restart the statute of limitations to save Plaintiffs' claims.

Then-District Court Judge Koh's decision in *Garrison v. Oracle Corp*., 159 F. Supp. 3d 1044 (N.D. Cal. 2016), is instructive. *Garrison* also involved a wage-fixing complaint with a statute-of-limitations defect: the complaint was filed in 2014, but the last specific act alleged against Oracle in furtherance of the conspiracy occurred in 2009. Plaintiffs tried to invoke the "continuing conspiracy" exception by pointing to their allegation that Oracle "continued to enter into new Secret Agreements with companies . . . well into 2012." *Id.* at 1055. But the court rejected this gambit and dismissed the complaint as time-barred. *Id*. at 1070-72. Because plaintiffs' allegation of conduct "well into 2012" failed "to reveal any *specific* conduct by *Oracle*," it was conclusory and insufficient. *Id*. at 1071 (emphasis added). "All of the plaintiffs' allegations about Oracle's enforcement of the [alleged wage-fixing agreement] are undated or

5

pre-date 2009." *Id*. Plaintiffs did not "identify any information as to an agreement entered into by Oracle after 2009," such as "the companies involved" or the "dates of formation." *Id*.

The same result should follow here. While the Complaint makes the conclusory and general assertion that the purported conspiracy "continu[es] to the present day" (Compl. ¶ 151), the last specific act allegedly taken by Hormel Foods in furtherance of the conspiracy occurred in 2016. That other Defendants allegedly acted to further the conspiracy after that date is irrelevant. *See Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 883-85 (N.D. Cal. 2015) (quoting *Pace*, 813 F.2d at 237, and holding that allegations involving the defendant's purported co-conspirators failed to show an overt act *by the defendant*, "as required to show a continuing violation").

Plaintiffs' vague allegation that Hormel Foods "subscribed to" Agri Stats "during the [nearly decade-long] Class Period" does not help Plaintiffs either. (Compl. ¶ 36.) Hormel Foods' undated subscription to Agri Stats says nothing about its participation in the alleged "WMS conspiracy," or that it used Agri Stats reports for any purpose related to wages. Moreover, the allegation that Hormel Foods subscribed to Agri Stats "during the Class Period" does not satisfy either of the "two elements [that] characterize overt act[s] which will restart the statute of limitations." *See Kaw Valley*, 872 F.2d at 933. Finally, the Complaint does not—because it cannot—allege that Hormel Foods subscribed to Agri Stats after February 2018, and the Court should not infer what even Plaintiffs know they cannot allege.[2] *See Twombly*, 550 U.S. at 558.

---

[2] Plaintiffs' counsel know from discovery in the *Pork* case that Hormel Foods terminated its limited subscription to Agri Stats pork reports by **February 2018**—more than four-and-a-half years before the Complaint was filed. Plaintiffs' vague allegations follow from this reality and the strictures of Rule 11.

6

### B.     *Fraudulent Concealment Is Not Applicable*

For the reasons set forth in the Joint Motion, Plaintiffs also fail to plausibly allege that Defendants fraudulently concealed the alleged conspiracy. Plaintiffs' fraudulent-concealment showing is particularly deficient with respect to Hormel Foods. The only alleged act by Hormel Foods to "conceal" the "conspiracy" is a statement through its website that it "offers competitive benefits." (Compl. ¶ 373.) As explained in the Joint Motion, that vague, undated allegation comes nowhere close to pleading with the requisite particularity a fraudulent misstatement designed to conceal a conspiracy. *See Garrison*, 159 F. Supp. 3d at 1075, 1078-81.

Moreover, Plaintiffs have been on inquiry notice of the alleged conduct since at least "June 2018," when other plaintiffs represented by the same counsel brought antitrust claims against Hormel Foods related to Agri Stats. (Compl. ¶ 328.); *In re Pork Antitrust Litig.*, 495 F. Supp. 3d 753, 766-67 (D. Minn. 2020) (quoting allegations that defendants engaged in a price-fixing conspiracy by "exchang[ing] detailed, competitively sensitive, and closely guarded non-public information . . . through their co-conspirator, Defendant Agri Stats"); *see also 421-A Tenants Ass'n, Inc. v. 125 Court Street LLC*, 760 F. App'x 44, 49 (2d Cir. 2019) (finding that the filing of a lawsuit "against one of the same defendants" that is "in sum and substance similar to the" alleged claims puts a plaintiff on inquiry notice); *Fernandez v. UBS AG*, 222 F. Supp. 3d 358, 383-84 (S.D.N.Y. 2016) ("[L]awsuits that . . . bring allegations that are similar to some of the key allegations in the instant complaint trigger inquiry notice."). Plaintiffs do not plead any facts explaining why they could not have filed this action sooner.

### **CONCLUSION**

Claims against Hormel Foods should be dismissed with prejudice as time-barred.

Dated: February 17, 2023

Respectfully submitted,

*s/ Emily E. Chow*

Desmonne A. Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Phone: (303) 607-3500
Facsimile: (303) 607-3600
desmonne.bennett@faegredrinker.com

Craig S. Coleman
Emily E. Chow
Anderson C. Tuggle
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Phone: (612) 766-7000
Fax: (612) 766-1600
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
anderson.tuggle@faegredrinker.com

Kathryn E. Bettini
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Phone: (202) 230-5823
Fax: (202) 842-8465
kathryn.bettini@faegredrinker.com

Jacob D. Bylund
Robert C. Gallup
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
Phone: (515) 248-4733
Fax: (515) 248-9010
jacob.bylund@faegredrinker.com
robert.gallup@faegredrinker.com

*Attorneys for Hormel Foods Corporation*