# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-02946

RON BROWN, *et al.*,

                Plaintiffs,

     v.

JBS USA FOOD COMPANY, *et al.*,

                Defendants.

---

### COOPERATION AGREEMENT BETWEEN CLASS PLAINTIFFS AND TRIUMPH FOODS, LLC

---

Contingent on the Court's preliminary and final approval of the Settlement Agreement between Class Plaintiffs and Defendant Seaboard Foods, LLC ("Settlement Agreement"), this Cooperation Agreement ("Cooperation Agreement") is made and entered into as of the Execution Date, by and between Triumph Foods, LLC (Triumph) and the Class Plaintiffs,[1] individually and on behalf of a Settlement Class,[2] through Interim Co-Lead Counsel[3] for the proposed Settlement Class, and in the above-captioned action (the "Action"). "Parties" refers to Triumph and the Settlement Class, as represented by Class Plaintiffs.

---

[1] "Class Plaintiffs" means all Plaintiffs named in the Complaint: Ron Brown, Minka Garmon, and Jessie Croft.

[2] "Settlement Class" means: All persons employed by Defendant Processors, their subsidiaries, and/or related entities at beef-processing or pork-processing plants in the continental United States from January 1, 2014 until the date of the first preliminary approval of a settlement in this Action.

[3] "Interim Co-Lead Counsel" means the law firms of Cohen Milstein Sellers & Toll PLLC, Hagens Berman Sobol Shapiro LLP, and Handley Farah & Anderson PLLC.

- 1 -

1.      **Cooperation**. Cooperation is a material term of this Cooperation Agreement and partial consideration for the release contained in the Settlement Agreement and shall, upon Class Plaintiffs' request and after the Date of Preliminary Approval,[4] include the following actions:

   a.      Triumph will produce to Class Plaintiffs structured data for the Settlement Class Period and four years prior, identified after a reasonable search, and including, but not limited to, payroll data, sufficient to show with respect to each member of the Settlement Class employed by Triumph or its subsidiaries: name, contact information, internal id number, universal identifying number (*e.g.* Social Security Number), job title, dates of employment, job changes, wages or salaries, bonuses, overtime pay, shift premiums, benefits, changes in wage or salary rate and any other reasonably accessible components of Compensation. Triumph will use reasonable efforts to respond to a reasonable number of Class Plaintiffs' questions regarding, and otherwise assist Plaintiffs to understand, such structured data.

   b.      Triumph agrees to use reasonable efforts to authenticate Documents and/or things produced by it in the Action where the facts indicate that the Documents and/or things at issue are authentic, whether by declarations, affidavits, hearings, and/or trials as may be necessary. Triumph agrees to use reasonable efforts to provide the facts necessary to establish that Documents and/or things produced by it in the Action are "business records", a present sense impression, an excited utterance, or a recorded recollection under the Federal Rules of Evidence where the facts indicate that the Documents and/or things at issue satisfy the criteria for treatment as business

---

[4] "Date of Preliminary Approval" means the date on which the Court enters an order granting preliminary approval of the Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

records, present sense impressions, excited utterances or recorded recollections, whether by declarations, affidavits, hearings, and/or trials as may be necessary.

        c.      Class Plaintiffs will identify five (5) current or former employees of Triumph as document custodians ("Custodians") and provide Triumph with a list of proposed search terms relating to the allegations in the litigation. If the parties are unable to reach agreement on a final list of search terms after good faith negotiations, Triumph will, within 120 days of either (i) the Date of Preliminary Approval or (ii) the date upon which Class Plaintiffs identify custodians, whichever is later, produce non-privileged documents in its possession, custody or control that are returned by the agreed-upon search terms and responsive to Plaintiffs' requests for production. After any agreement on search terms by the non-settling defendants or a court order ordering the use of search terms, Class Plaintiffs will provide those search terms to Triumph, and within 120 days, Triumph will produce any additional non-privileged documents in its possession, custody or control that are returned by any of those search terms not already previously run and responsive to Plaintiffs' requests for production. The parties may mutually agree to alter the search terms run by Triumph and to move these deadlines.

        d.      Within 120 days of either (i) the Date of Preliminary Approval, or (ii) the date upon which Class Plaintiffs identify Custodians, whichever is later, Triumph will produce all records of phone calls placed and received by the Custodians, including phone calls to or from phone numbers specifically associated with the Custodians, in Triumph's possession, custody, and control that are located through a reasonable search of the Custodians' electronic files. Triumph will also use reasonable efforts to obtain signed authorizations from the Custodians to allow Class

Plaintiffs to obtain records of phone calls placed and received from third-party carriers, if necessary.

   e. Class Plaintiffs will identify up to five (5) then-current employees of Triumph, or any of its subsidiaries or joint ventures, who will be deposed by Class Plaintiffs and will participate as witnesses at trial if requested by Class Plaintiffs, assuming they remain employed at the time of trial. This limitation on depositions and trial witnesses does not apply to former employees of Triumph, who can be deposed in accordance with any discovery limitations established by the Court.

   f. As part of the custodial searches discussed above in paragraph 1(c), Triumph will also produce the following Documents to Class Plaintiffs identified by a reasonable search of the Custodians' files:

- All Documents that (1) reference WMS, any of WMS's employees, or any surveys or survey results prepared by WMS, (2) were sent by Triumph or Triumph's employees to WMS or WMS's employees, and/or (3) were received by Triumph or Triumph's employees from WMS or WMS's employees;

- All documents produced to, and received from, the American Meat Institute, American Meat Institute Foundation, North American Meat Institute, National Pork Producers Council, National Cattlemen's beef Association, and the 21st Century Pork Club that reference any form or component of Compensation.

   g. In addition to the custodial searches discussed above in paragraph 1(c) and (f), Triumph will produce the following Documents to Class Plaintiffs identified by a reasonable search:

- All written agreements or contracts with Agri-Stats, Inc. and/or Express Markets, Inc.;

- All contracts executed with labor unions executed during the Settlement Class Period.

- Any documents that have been or will be produced to the Department of Justice by Triumph prior to the resolution of this Action against all Defendants in connection with any investigation regarding any form or component of Compensation that have not already been produced to Class Plaintiffs. Triumph is required to produce any such documents unless the Department of Justice objects to such production and Triumph is not otherwise ordered by the Court to produce any such documents. Unless prohibited by the Department of Justice, Triumph agrees to take no position on submissions by Class Plaintiffs to any court to obtain any documents submitted to the Department of Justice; provided, however, that Triumph reserves the right to designate any produced documents for confidential treatment pursuant to the applicable protective order in this Action.

h. To the extent Triumph withholds the production of any documents on the basis of attorney-client privilege or any other form of protection from disclosure, Triumph is obligated to produce a privilege log no later than 21 days after the document production from which documents were withheld. The privilege log must conform to the requirements of the ESI protocol in the *Jien v. Perdue Foods* matter (ECF 457).

i. The Parties will have discretion to agree to minor modifications of these discovery obligations and deadlines, and such modifications will not require Court approval.

j. Until a protective order is entered, documents or information provided pursuant to this Cooperation provision shall not be used for any purpose outside of this Action. Once a protective order has been entered, confidential documents or information provided pursuant to this Cooperation provision will be subject to and conditioned upon the entry of the protective order in this case. Nothing in this provision prevents Plaintiffs from complying with a lawfully issued subpoena, request for production of CID, but reasonable notice will be provided to Settling

Defendant prior to production. Nothing in this provision shall affect or modify the legal standards that govern whether a document satisfies the criteria for requiring that the document be filed under seal rather than publicly.

2. **Settlement Fund Administration & Approval of Settlement Agreement and Dismissal of Claims**. Triumph shall have the same rights and obligations as the Settling Defendant as to the sections of the Settlement Agreement pertaining to Settlement Fund Administration (Sec. II, D) and Approval of Settlement Agreement and Dismissal of Claims (Sec. II, F).

3. **Governing Law & Jurisdiction**. Any disputes relating to this Cooperation Agreement shall be governed by and interpreted according to the substantive laws of the state of Colorado without regard to its choice of law or conflicts of law provisions. Subject to Court approval, the United States District Court for the District of Colorado shall retain jurisdiction over the implementation, enforcement, and performance of this Cooperation Agreement and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Cooperation Agreement or the applicability of this Cooperation Agreement that cannot be resolved by negotiation and agreement by Class Plaintiffs and Triumph.

4. **Breach**: This Cooperation Agreement does not waive or otherwise limit the Class Plaintiffs or Triumph's rights and remedies for any breach of this Cooperation Agreement. Any breach of this Cooperation Agreement may result in irreparable damage to a Party for which such Party will not have an adequate remedy at law. Triumph acknowledges that Triumph's obligation to cooperate under this agreement is part of the consideration that the Class Plaintiffs have bargained for in entering into both this Cooperation Agreement and the contemporaneous

Settlement Agreement with Seaboard under which claims against Triumph will be released upon the Effective Date as defined in that Settlement Agreement. (*See* Seaboard Settlement Agreement, I.B.5 (including Triumph Foods in definition of "Settling Defendant's Released Parties"). Accordingly, in addition to any other remedies and damages available, Class Plaintiffs and Triumph acknowledge and agree that the Parties may immediately seek enforcement of this Cooperation Agreement by means of specific performance or injunction, without the requirement of posting a bond or other security. The waiver by any Party of any particular breach of this Cooperation Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Cooperation Agreement.

5.     **Litigation Standstill**. Class Plaintiffs shall cease all litigation activities against Triumph Foods in the Action except to the extent expressly authorized in this Cooperation Agreement. Triumph shall cease all litigation activities against Class Plaintiffs in the Action, except in connection with providing the Cooperation provided for in paragraph 1. For the avoidance of doubt, should Class Plaintiffs seek to depose former Triumph employees on topics related to their time of employment at Seaboard Foods LLC or Triumph Foods, LLC, this litigation standstill shall not apply to preclude such depositions, and Triumph in its sole discretion shall be permitted to represent the interests of Triumph and the former employee in the deposition and any related discovery practice. None of the foregoing provisions shall be construed to prohibit Class Plaintiffs from seeking appropriate discovery from non-settling Defendants, Unrelated Co-Conspirators, former employees of Triumph or other third parties. This litigation standstill precludes Triumph Foods, LLC (whether through counsel or otherwise) from assisting any non-settling Defendant in the litigation or defense of this Action, including by assisting in opposing

Class Plaintiffs' motion for class certification or working with expert witnesses or on expert materials. This litigation standstill does not, however, preclude Triumph Foods, LLC from (i) responding to discovery served by any non-Settling Defendant; (ii) negotiating in good faith to resolve any disputes regarding the scope of such discovery; or (iii) taking steps they believe in good faith are necessary to reduce the scope or burden of discovery from non-Settling Defendants, including without limitation by providing information related to structured data productions. Triumph will notify Interim Co-Lead Class Counsel within two (2) business days in the event any non-Settling Defendant requests a declaration, affidavit, or other written statement in lieu of a deposition. Settling Defendant and Triumph Foods, LLC have pre-existing business agreements that require them to cooperate with each other. For the avoidance of doubt, nothing in this litigation standstill is intended to impair or impede cooperation among and between Settling Defendant and Triumph Foods, LLC, including cooperation related to this Action.

IN WITNESS WHEREOF, Class Plaintiffs and Triumph through their fully authorized representatives, have agreed to this Cooperation Agreement as of the Execution Date.

Dated: June 23, 2023

*[signature]*

Shana E. Scarlett
Rio S. Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
rios@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101

|  |  |
|---|---|
|  | Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>steve@hbsslaw.com |
|  | Abigail D. Pershing<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>301 N. Lake Avenue, #920<br>Pasadena, California 91101<br>Telephone: (213) 330-7150<br>Facsimile: (213) 330-7152<br>abigailp@hbsslaw.com |
| Dated:  June 23, 2023 | */s/ Brent W. Johnson*<br>Brent W. Johnson<br>Benjamin D. Brown<br>Daniel Silverman<br>Alison Deich<br>COHEN MILSTEIN SELLERS & TOLL, PLLC<br>1100 New York Ave. NW<br>Suite 500, West Tower<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br>bjohnson@cohenmilstein.com<br>bbrown@cohenmilstein.com<br>dsilverman@cohenmilstein.com<br>adeich@cohenmilstein.com |
| Dated:  June 23, 2023 | */s/ George F. Farah*<br>George F. Farah<br>Rebecca Chang<br>HANDLEY FARAH & ANDERSON PLLC<br>33 Irving Place<br>New York, NY 10003<br>T: (212) 477-8090<br>F: (844) 300-1952<br>gfarah@hfajustice.com<br>rchang@ hfajustice.com<br><br>Matthew K. Handley (D. Md. Bar # 18636)<br>Stephen Pearson<br>HANDLEY FARAH & ANDERSON PLLC |

          200 Massachusetts Avenue, NW, Seventh Floor
          Washington, DC 20001
          Telephone: (202) 559-2433
          mhandley@hfajustice.com
          spearson@hfajustice.com

*Proposed Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

Dated: June 23, 2023

          Christopher Smith
          A. James Spung
          HUSCH BLACKWELL LLP
          8001 Forsyth Blvd., Suite 1500
          St. Louis, MO 63105
          Telephone: (314) 480-1500
          Facsimile: (314) 480-1505
          Chris.smith@huschblackwell.com

*Counsel for Triumph Foods, LLC*