# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RON BROWN and MINKA GARMON, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>JBS USA FOOD COMPANY; TYSON FOODS, INC.; CARGILL, INC.; CARGILL MEAT SOLUTIONS CORP.; HORMEL FOODS CORP.; ROCHELLE FOODS, LLC; AMERICAN FOODS GROUP, LLC; TRIUMPH FOODS, LLC; SEABOARD FOODS LLC; NATIONAL BEEF PACKING CO., LLC; SMITHFIELD FOODS, INC.; SMITHFIELD PACKAGED MEATS CORP.; LLC; AGRI BEEF CO.; WASHINGTON BEEF, LLC; PERDUE FARMS, INC.; GREATER OMAHA PACKING CO., INC.; NEBRASKA BEEF, LTD.; INDIANA PACKERS CORPORATION; QUALITY PORK PROCESSORS, INC.; AGRI STATS, INC.; and WEBBER, MENG, SAHL AND COMPANY, INC. d/b/a WMS & COMPANY, INC.,<br><br>                      Defendants. | Civil Action No. 1:22-cv-02946-PAB-STV<br><br>**DECLARATION OF SHANA E. SCARLETT IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH JBS USA FOOD COMPANY AND TYSON FOODS, INC., CERTIFICATION OF SETTLEMENT CLASSES, AND APPOINTMENT OF SETTLEMENT CLASS COUNSEL** |

I, Shana E. Scarlett, declare as follows:

I am a partner of Hagens Berman Sobol Shapiro LLP (Hagens Berman). This Court has appointed my firm, together with Cohen Milstein Sellers & Toll, PLLC and Handley Farah & Anderson PLLC, as Interim Co-Lead Counsel in this litigation. Based on personal knowledge or discussions with counsel in my firm of the matters stated herein, if called upon, I could and would competently testify thereto.

1. I specialize in antitrust class action law and have prosecuted numerous antitrust class actions as lead counsel. I have negotiated many settlements during my years of practice. The Court is previously familiar with my and my firm's credentials from Plaintiffs' Unopposed Motion for Appointment of Interim Co-Lead Counsel. *See* ECF No. 113.

2. I submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlements with JBS USA Food Company ("JBS") and Tyson Foods, Inc. ("Tyson") (hereinafter, collectively "Settling Defendants"), Certification of Settlement Classes and Appointment of Settlement Class Counsel.

3. On behalf of Plaintiffs, other Co-Lead Interim Counsel and I personally conducted intensive settlement negotiations with counsel for JBS over the course of several weeks. Plaintiffs and JBS executed its Settlement Agreement on January 29, 2024. Attached as **Exhibit A** is a true and accurate copy of the Settlement Agreement between Plaintiffs and JBS ("JBS Settlement Agreement").

4. On behalf of Plaintiffs, other Co-Lead Interim Counsel and I also personally conducted intensive settlement negotiations with counsel for Tyson over the course of multiple months, beginning with a mediation on December 12, 2023 and continuing through the execution of the Settlement Agreement on March 7, 2024. Attached as **Exhibit B** is a true and accurate

copy of the Settlement Agreement between Plaintiffs and Tyson ("Tyson Settlement Agreement").

5.  In my opinion, and in that of highly experienced Interim Co-Lead Counsel, the proposed Settlement Agreements are fair, reasonable, and adequate. Each provides substantial monetary and non-monetary benefits to the Settlement Class, and it avoids the risks, costs, and delay of continuing protracted litigation against Settling Defendants.

6.  In its Settlement Agreement, JBS commits to pay $55,000,000 (fifty-five million U.S. dollars) to a settlement fund within fourteen (14) business days of the grant of preliminary approval. JBS also agrees to cooperate with Plaintiffs, as set forth in detail in the JBS Settlement Agreement, which cooperation will assist Plaintiffs in prosecuting their claims against the remaining Defendants.

7.  In its Settlement Agreement, Tyson commits to pay $72,500,000 (seventy-two million, five hundred thousand U.S. dollars) to a settlement fund within fourteen (14) business days of the grant of preliminary approval. Tyson also agrees to cooperate with Plaintiffs, as set forth in detail in the Tyson Settlement Agreement, which cooperation will assist Plaintiffs in prosecuting their claims against the remaining Defendants.

8.  Both the Settlement Agreements resulted from extensive arm's-length and hard-fought negotiations. The negotiations between counsel lasted for months and involved mediations with an experienced third-party mediator. The Settling Defendants and Plaintiffs vigorously negotiated over the details of each Settlement Agreement, including the scope and components of Settling Defendants' required cooperation in the litigation against the remaining Defendants. The parties exchanged multiple proposals and drafts prior to executing Settlement Agreements on January 29, 2024, and on March 7, 2024, with JBS and Tyson respectively.

9. There was no collusion or preference among counsel for the parties at any time during these settlement negotiations. To the contrary, the negotiations were contentious, hard fought, and fully informed. Plaintiffs sought to obtain the largest possible monetary recovery and most helpful cooperation from both JBS and Tyson. Furthermore, there was no discussion or agreement at any time regarding the amount of attorneys' fees that Interim Co-Lead Counsel would ask the Court to award in this case.

10. When the Settlement Agreements were executed, Interim Co-Lead Counsel was fully aware of the strengths and weaknesses of each side's positions. As the Court was previously aware (ECF Nos. 170, 205, and 207), even before filing this case in November 2022, Interim Co-Lead Counsel expended considerable time and resources to conduct an investigation of collaboration between red meat processors in setting compensation for plant employees. To that end, Interim Co-Lead Counsel conducted interviews of former employees and others with personal knowledge of the events that give rise to Plaintiffs' claims. Additionally, Plaintiffs were informed about the strengths and weaknesses of each side's positions from the hundreds of thousands of documents produced by settling Defendant WMS last year. Those documents have provided Plaintiffs with substantial insight into the conspiracy that can seldom be achieved prior to considerable fact discovery. Based on the factual information obtained from the extensive pre-filing investigation and the cooperation from other settling Defendants, Interim Co-Lead Counsel were well informed of the value and consequences of the Settlement Agreements at the time of their execution.

11. Interim Co-Lead Counsel has also entered negotiations in this case having already been through a similar process in the case, *Jien v. Perdue Farms, Inc.*, Case No. 1:19-cv-02521-SAG (D. Md). That case, which concerns similar allegations of wage suppression in the poultry

processing industry and in which both JBS and Tyson also participate, has offered Interim Co-Lead Counsel the opportunity to clarify applicable law and legal hurdles. The knowledge and experience gained in *Jien* has set the stage for Interim Co-Lead Counsel's positions in their settlement negotiations in the instant case.

12. No matter how confident Interim Co-Lead Counsel are in this case, complex antitrust class actions are risky pieces of litigation. The Plaintiffs can never be entirely assured of a finding of liability by a jury. In the opinion of Interim Co-Lead Counsel, these Settlement Agreements represent a significant recovery for the class while still allowing claims against the remaining Defendants to proceed.

13. Plaintiffs request that the Court agree to defer formal notice of the Settlement Agreements to the JBS and Tyson Settlement Classes until an appropriate later date. Plaintiffs are still in the process of negotiating the production of names and contact information of Settlement Class members. Plaintiffs believe there will be many efficiencies gained in postponing notice until it can be achieved for multiple settlements at once. After the production of this information, Plaintiffs will file a motion to direct notice with the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 8th day of March, 2024 at Berkeley, California.

By: /s/ *Shana Scarlett*
SHANA E. SCARLETT

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on March 8, 2024, a true and correct copy of the foregoing was electronically filed by CM/ECF, which caused notice to be sent to all counsel of record.

<u>/s/ <i>Shana E. Scarlett</i></u><br>
SHANA E. SCARLETT