IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RON BROWN and MINKA GARMON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JBS USA FOOD COMPANY, et al.<br><br>Defendants. | Civil Action No. 1:22-cv-02946-PAB-STV<br><br>**PLAINTIFFS' PROPOSED DRAFT NOTICES AND REQUEST FOR EXTENSION OF TIME TO FILE PROPOSED TIMELINE TO COMPLETE FINAL APPROVAL OF SETTLEMENTS** |

In an order dated February 27, 2024, this Court granted preliminary approval to four settlements between Plaintiffs and four Defendants (Perdue Farms, Inc. ("Perdue"); Seaboard Foods, LLC ("Seaboard"); Triumph Foods, LLC ("Triumph"); and Webber, Meng, Sahl and Company, Inc. ("WMS")). Order, ECF No. 306. In that order, this Court requested that Plaintiffs file their proposed notice to the settlement classes on or before March 11, 2024, and submit a proposed timeline to direct notice to the class for these four settlements by March 29, 2024. Plaintiffs hereby submit the proposed notice and respectfully request relief from the deadline to submit a proposed timeline to direct notice.

## I. RELEVANT PROCEDURAL HISTORY

In 2023, Plaintiffs moved for preliminary approval of settlements with four Defendants totaling $11.25 million. ECF Nos. 170, 205, 207. These settlements were reached with Defendants Perdue (for $1.25 million and cooperation); Seaboard and Triumph (for $10 million and cooperation); and WMS (for substantial cooperation). Each of these settlements was preliminarily approved by the Court on February 27, 2024. Order, ECF No. 306. Plaintiffs have since entered into two additional settlements with JBS and Tyson that would recover $55 million and $72.50

-1-

million, respectively, for the Settlement Class – for total recovery to date of $138.75 million. ECF No. 322.

The first four settlements were on behalf of a class comprising: all persons employed by Defendant Processors, their subsidiaries, and/or related entities at beef- and pork-processing plants in the continental United States from January 1, 2014, until February 27, 2024. Because Plaintiffs have since amended the complaint to allege a broader class period, the Tyson and JBS settlements cover processing plant workers employed for that longer time period, i.e. from January 1, 2000, until February 27, 2024. On March 8, 2024, Plaintiffs moved for preliminary approval of the settlements with JBS and Tyson. *Id.*

## II.     PROPOSED NOTICES

In accordance with the Court's February 27, 2024, order, Plaintiffs have consulted with a claims administrator and propose two notice forms for the class:

**Attachment A:** A proposed short-form email notice that would be disseminated to any class members for whom Plaintiffs are able to obtain email addresses.

**Attachment B:** A proposed set of questions to be included on the website www.BeefPorkWages.com, to assist class members in answering questions.

Considering the pending motion seeking preliminary approval of the additional settlements with Tyson and JBS, the enclosed notices being submitted to the Court today are already mooted, and updated notices will need to be drafted. Moreover, Plaintiffs are currently engaging in settlement negotiations with other Defendants, making a timeline for proposed notice to the settlement classes premature.

## III.    THE COMPLEXITY OF THE PROPOSED NOTICE AND CLAIMS ADMINISTRATION REQUIRES ADDITIONAL TIME

The proposed classes consist of workers employed at Defendants' red meat processing plants. Accordingly, Defendants are in possession of two pieces of information that are critical to

-2-

the implementation of a notice and claims administration campaign: contact information for their employees; and compensation information for those employees during the class period. A timeline for the production of this data must be established before Plaintiffs can propose a timeline for notice and administration to the Court.

But to give the Court an idea of the contemplated notice and claims administration plan, Plaintiffs outline it below.

**Settlement Website:** Settlement notice and claims distribution will begin with building a settlement website. Plaintiffs have already purchased www.BeefPorkWages.com and will work with a notice/claims administrator to start building out this vehicle for communication with class members. Because this case involves the return of wages—which has tax implications—claims distribution in this case will require verification of personally identifiable information (PII). Plaintiffs will retain a vendor who specializes not only in hosting such confidential information, but also in constructing a robust website that will allow class members to verify their membership in the class. This process is already underway.

**Direct notice to class members:** The second part of notice to class members will include obtaining contact and wage information from Defendants to send direct notice to class members. Because this is an antitrust settlement, Defendants are jointly and severally liable. As such, all class members will share equally in the settlements reached to date (and any future settlements). Because of the unique nature of joint and several liability, Plaintiffs must collect contact and compensation information from all Defendants to send notice out to all potential class members. For example, if Perdue (a settled defendant) provided contact information for their employees, this would be insufficient to administrate the Perdue settlement: employees who work for other Defendants are also entitled to make claims on the Perdue settlement, and likewise, Perdue

employees are entitled to receive compensation from settlements with other Defendants. Proper administration requires the universe of settlements to be joined together, allowing class members to receive their weighted share of the combined settlements based on factors that will be included in the proposed plan of allocation, including each settlement class member's total compensation during the class period. Indeed, direct notice is likely to include compensation information from the Defendants' files specific to each class member.

The direct notice plan itself is likely to be multi-faceted. Once Plaintiffs receive class member information from Defendants, they will perform an analysis as to: i) whether email notice will be sufficient; ii) whether hard copy notice will be necessary to supplement electronic notice; iii) what other effective means of direct notice may exist; and iv) whether the notices will need to be translated into multiple languages to accommodate the expected linguistic diversity among class members, and if so, which languages are required.

**Indirect notice to class members:** A proposed notice plan to this Court will also likely include an indirect notice plan. This might include social media advertising as well as more locally targeted advertising around processing plants where significant numbers of class members work. Given the unique nature and location of the settlement class members, Plaintiffs need additional time to develop a plan that will adequately meet the constitutional reach requirements of this action.

**Proposed plan of allocation:** Because detailed wage information is available from the Defendants, Plaintiffs intend to use this compensation information to provide workers with confirmation of their membership in the settlement classes, as well as the ability to find out further information regarding the scope of their claim This, however, takes time. *First*, Plaintiffs need to negotiate obtaining this data from Defendants. While the Defendants named in the original complaint have appeared and attended a Rule 26(f) conference, and indeed, been served with initial

sets of discovery—five Defendants have since been added to the Amended Complaint. ECF No. 260. While these new Defendants have all been served, their challenges to the pleadings (or answers) are not due until April 5; oppositions to any such motions to dismiss are due May 16; and any replies to those motions are due on June 13. ECF No. 286. Accordingly, the new Defendants have not yet participated in a Rule 26(f) conference and have not yet been served with discovery. Until these things happen, Plaintiffs cannot obtain the contact and compensation information necessary for any proposed notice plan or proposed plan of allocation.

### IV. PLAINTIFFS REQUEST ADDITIONAL TIME TO FILE A PROPOSED TIMELINE AND DETAILED PLAN OF NOTICE AND ALLOCATION TO THE COURT

Co-lead counsel are skilled and experienced practitioners in the area of complex class actions, and in particular, wage suppression cases. The claims administration process is eminently feasible, but it is also complicated and time-consuming. As an example, in a similar wage case pending on behalf of poultry plant workers (chicken and turkey) against many of the same defendants, *Jien v. Perdue Farms, Inc.*, Case No. 1:19-cv-2521-SAG (D. Md. 2021), the process of obtaining litigation-track data has taken over a year. Plaintiffs in that case, who are represented by the same counsel as Plaintiffs here, intend to file a motion to direct notice to poultry plant workers at the end of March 2024.

If this Court is inclined to order an immediate set of notices and claims administration for the initial set of settlements, Defendants' production of class member contact information and wage data is a critical first step. From the production of this data, it would take no fewer than three months to clean the data and begin the process of issuing notice to class members. But Plaintiffs request permission to postpone filing their motion to direct notice, in light of ongoing settlement negotiations. Joining multiple settlements together has the benefit of being more cost-efficient for the class—each round of notice will incur administrative expenses, all of which will need to be

paid from the classes' funds. Postponing notice until there is a critical mass of settlements will reduce total administrative expenses, thereby reserving a greater proportion of settlement funds for the class. Plaintiffs' request for additional time falls within this Court's inherent power to "manage [its] own affairs so as to achieve the orderly and expeditious disposition" of the case. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016).

Dated: March 11, 2024

Respectfully submitted,
COHEN MILSTEIN SELLERS & TOLL PLLC

*/s/ Brent W. Johnson*
Brent W. Johnson
Benjamin D. Brown
Robert A. Braun
Alison S. Deich
Zachary Glubiak
Zachary I. Krowitz
Nina Jaffe-Geffner
1100 New York Avenue NW, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
rbraun@cohenmilstein.com
adeich@cohenmilstein.com
zglubiak@cohenmilstein.com
zkrowitz@cohenmilstein.com
njaffegeffner@cohenmilstein.com

Daniel H. Silverman
COHEN MILSTEIN SELLERS & TOLL PLLC
769 Centre St. Suite 207
Boston, MA 02130
Telephone: (617) 858-1990
dsilverman@cohenmilstein.com

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Shana E. Scarlett*
Shana E. Scarlett
Rio S. Pierce
Abby R. Wolf
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com
abbyw@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Elaine Byszewski
Abigail D. Pershing
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Ave., Suite 920
Pasadena CA, 91101
Telephone: (213) 330-7150
elaineb@hbsslaw.com
abigailp@hbsslaw.com

HANDLEY FARAH & ANDERSON PLLC

*/s/ George F. Farah*
George F. Farah
Rebecca P. Chang
Nicholas J. Jackson
33 Irving Place
New York, NY 10003
Telephone: (212) 477-8090
Facsimile: (844) 300-1952
gfarah@hfajustice.com
rchang@hfajustice.com
njackson@hfajustice.com

William H. Anderson (Co. Bar 45960)
HANDLEY FARAH & ANDERSON PLLC
5353 Manhattan Circle, Suite 204
Boulder, CO 80303
Telephone: (202) 559-2433
Facsimile: (844) 300-1952
wanderson@hfajustice.com

Martha E. Guarnieri
HANDLEY FARAH & ANDERSON PLLC
1727 Snyder Avenue
Philadelphia, PA 19145
Telephone: (215) 422-3478
Facsimile: (844) 300-1952
mguarnieri@hfajustice.com

Simon Wiener
HANDLEY FARAH & ANDERSON PLLC
60 Harrison Avenue, Suite 604
Boston, MA 02111
Telephone: (202) 921-4567
Facsimile: (844) 300-1952
swiener@hfajustice.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*


Brian D. Clark
Stephen J. Teti
Arielle S. Wagner
Eura Chang
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com
sjteti@locklaw.com
aswagner@locklaw.com
echang@locklaw.com

Candice J. Enders
Julia R. McGrath
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
cenders@bm.net
jmcgrath@bm.net

*Additional Counsel for Plaintiffs and the Proposed Class*